IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-2522 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA | : | |

## **ORDER**

AND NOW, this 5th day of March, 2014, upon careful and independent consideration of Petitioner Tyrone Johnson's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and the response thereto, and after review of the Report and Recommendation of United States Magistrate Judge Henry S. Perkin, to which no objections have been filed,[1] it is ORDERED:

1. The Report and Recommendation (Document 11) is APPROVED and ADOPTED;[2]

2. Johnson's amended petition for writ of habeas corpus (Document 3) is DISMISSED without prejudice for failure to exhaust state remedies; and

---

[1] The Report and Recommendation was sent to all parties of record on October 21, 2013, together with a Notice from the Clerk of Court advising the parties of their obligation to file any objections within 14 days after service of the Notice. *See* Local R. Civ. P. 72.1 IV(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. § 636(b)(1)(B), and subsections 1(c) and (d) of this Rule within fourteen (14) days after being served with a copy thereof."). As of today's date, no objections have been filed.

[2] As set forth in the Report and Recommendation, Johnson has not articulated a specific constitutional right that has been violated; rather, his petition appears to be based on an alleged violation of a Pennsylvania Rule of Criminal Procedure relating to pretrial incarceration. Such a claim is not cognizable in a federal habeas proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Even if Johnson had asserted a cognizable constitutional claim regarding his speedy trial rights, he has not demonstrated either that he has exhausted this federal constitutional claim or that extraordinary circumstances are present, as required for this Court to exercise its pretrial habeas corpus jurisdiction. *See Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975) (holding the alleged denial of a petitioner's right to a speedy trial is not "an extraordinary circumstance sufficient to dispense with the exhaustion requirement").

       3.       A certificate of appealability shall not issue, as Johnson has not demonstrated that reasonable jurists would debate the correctness of this procedural ruling.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:


 /s/  Juan R. Sánchez
Juan R. Sánchez, J.